[Civ. No. 7252. Fourth Dist. May 28, 1964.]

JUNE D. MOESER et al., Plaintiffs and Appellants, v. THE COUNTY OF SAN DIEGO et al., Defendants and Respondents.

Harelson, Enright, Von Kalinowski & Levitt and Jack R. Levitt for Plaintiffs and Appellants.

Bertram McLees, Jr., County Counsel, and Robert G. Berrey, Assistant County Counsel, for Defendants and Respondents.

FINLEY, J. pro tem.*—Plaintiffs appeal from a judgment declaring that they are not entitled to additional compensation under the provisions of Government Code, section 74751.[1]

---

[1]Repealed. Stats. 1963, ch. 1725, p. 3445, § 19; Stats. 1963, ch. 1726, p. 3448, § 18; Stats. 1963, ch. 1804, p. 3644, § 12; Stats. 1963, ch. 1813, p. 3718, § 12.

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

■ The sole issue in this case involves a determination of the meaning of the phrase "general increase" as used in Government Code, section 74751. This statute provided, in effect, that if the employees of the San Diego Sheriff's Department received a "general increase" in compensation between September 15, 1961, and July 1, 1963, the employees of the then several marshals in San Diego County should receive similar increases in compensation in accordance with certain salary schedules.[2]

During the effective period of this statute, the Board of Supervisors of San Diego County raised the compensation of 78.5 per cent of the employees of the sheriff's department. The appellants, employees of the marshals, allege that this increase in the compensation of the sheriff's employees was a "general increase," and therefore under the statute all the employees of the marshals are entitled to a one-step increase. The trial court held that there was no "general increase," and we agree.

Where "general" was intended to mean less than 100 per cent, the Legislature has said so in specific terms. Thus, Government Code, section 73915, applicable to Santa Maria Judicial District, specified that if 75 per cent of the sheriff's employees received an increase, this would be deemed a "general increase." Where no such index to the meaning or application of a term used is provided by the Legislature in a particular enactment, we must look to the result which would follow adoption of the definition contended for and assess the results.

Plaintiffs argue that the purpose of the statute is to maintain comparability between the pay of persons engaged in similar work in the two offices. The construction urged by the plaintiffs, however, would not accomplish this purpose. Secretarial and clerical employees of the sheriff's department did not receive increases. Since the statute gives *all* employees of the marshals an increase upon a finding of a "general increase" in the sheriff's department, the secretarial and clerical employees of the marshals would receive a raise if a "general increase" is found here. This would destroy the comparability of salaries between secretarial and clerical help in the two offices. The word "general" must be deemed to apply as well to classifications as to numbers. If it does not

---

[2]The several marshals' offices in San Diego County were consolidated in 1963. See Gov. Code, § 74361.

connote a figure of 100 per cent, it does at least connote an overall application to all component groups.

Plaintiffs argue that the position taken by the trial court would permit the board of supervisors to frustrate the legislative purpose by failing to raise the salary of a single employee in the sheriff's department—specifically, a chef for whom there is no counterpart in the marshals' offices. We are not, however, confronted with such a situation, and will not speculate as to the proper answer to this wholly different question unless and until it comes before us as an actual issue.

The instant case is easily distinguished from the case of *City of Signal Hill* v. *County of Los Angeles*, 196 Cal. 161 [236 P. 304], upon which plaintiffs so heavily rely. There, the main purpose of the statute was clear. The dispute concerned certain language which it was necessary to harmonize with the well-defined general purpose in order to achieve that purpose. Here, however, the search is for the key. The dispute concerns the essence of the statute, not a technical ancillary matter to be tailored so as to blend with the main objective.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.